JOSEPH GALLETTA, Appellant, *v.* TAYLOR-FICHTER STEEL CONSTRUCTION COMPANY, INC., Respondent.

Second Department, May 1, 1931.

*Joseph P. Walsh* [*Frank H. Innes* with him on the brief], for the appellant.

*Charles Capron Marsh* [*Rolph T. Marsh* with him on the brief], for the respondent.

PER CURIAM. The record presented questions of fact for the jury. Conflicting inferences may reasonably be drawn from the evidence as to whether or not the ironworkers were engaged in the master's employment at the time the accident occurred. Even though the men had taken off their working clothes and put on their street clothes before they descended the stairway, there was evidence from which it could be concluded that the decision not to resume the actual work of the steel erection had not been arrived at, since there was evidence that the decision to quit or not to quit rested with the men. The precise point where the consultation with regard to quitting or resuming was had is not shown, and the consultation might well have taken place after the men arrived at the first floor, where the defendant maintained a shack.

Likewise, there may be drawn from the evidence conflicting inferences as to whether or not the acts of the ironworkers were negligent, and as to whether or not, in consequence of a negligent act, the breast of one of them brushed against plaintiff's feet and knocked him from the beam upon which he was working. A greater degree of alertness to the possibility of the existence of projections in a stairway is required of those using a stairway which itself is in the course of construction and which is contained in a building in the course of erection, than is reasonably to be expected of those using a stairway which is already completed and contained in a completed building. It would be for a jury to say, having in mind that planks and joists are to be found projecting into a stairway in the course of construction, whether or not it is reasonably to be expected that the feet or legs of a man working on a beam are likely to project. If the jury found that such a condition was reasonably to be apprehended, then they might find that the ironworker who swept the plaintiff from the beam was negligent in not having avoided contact with the plaintiff's feet.

It was also a question of fact as to whether or not the plaintiff was guilty of contributory negligence. A jury might say that the

plaintiff should have withdrawn his feet from over the stairway when he heard the noise of a group of men coming down the stairway, and his not having done so would properly bar him from recovering in this action, although a jury would also be free to find as a fact that plaintiff was not negligent in that he had a right to assume that the group of men had ample and clear passage down the stairway, which was some five feet wide, without encroaching upon that part of it over which his feet extended.

The judgment should be reversed upon the law and a new trial granted, costs to abide the event.

LAZANSKY, P. J., YOUNG, HAGARTY and CARSWELL, JJ., concur; KAPPER, J., dissents upon the ground that the accident was one which a prudent man would not reasonably have anticipated.

Judgment reversed upon the law and a new trial granted, costs to abide the event.